*521 TORRUELLA, Circuit Judge
(Concurring).
Since Booker was decided, district courts have been forced to navigate murky waters. I write separately to articulate my reasons for joining the majority’s central holding, for the benefit of district judges who must interpret and apply it to the difficult task of sentencing defendants in their courtrooms.
I am in agreement with the majority opinion to the extent that it establishes a post -Booker sentencing regime wherein the guidelines enjoy no presumption of reasonableness. I also agree that, proee-durally, district judges should first calculate the guideline range including any proposed departures, as they did before Booker was decided.
Further, I agree with the majority opinion to the extent that it requires the district court to explain the reasoning for the sentence imposed, whether it falls within the guidelines range[4] or outside of it. I do not think the majority’s suggestion that a district court’s reasoning can “often be inferred” should be interpreted as an exception to the rule set forth in 18 U.S.C. § 3553(c) that the district court must “state in open court the reasons for its imposition of the particular sentence.” In other words, the district court’s obligation to explain is not excused by our discretion to discern its reasoning from the record on appeal.
Finally, I think it is of critical importance that the majority opinion be understood to reinforce our commitment to the statutory requirement that, in all cases, district courts must impose sentences that are “sufficient, but not greater than necessary” to effectuate the goals of criminal punishment, as articulated in 18 U.S.C. § 3553(a). In articulating its reasons for imposing any sentence, the district court must make clear reference to this central principle.
As the case law develops, the standards we announce today will evolve. District courts will more substantively contribute to the development of our jurisprudence and less frequently confront remand if they comply with our instructions to make sentencing as transparent a process as possible.

. Of course, there is no statutory obligation to explain a sentence within the guidelines range where the applicable range is less than 24 months. 18 U.S.C. § 3553(c)(1).